## S. A. Curry and Daniel Shaw v. George Fisher et al.

1. PARTITION—*Effect of a Default by Judgment Creditors.*—Where, in a partition suit, persons having judgment liens upon the premises, who are made parties for the purpose of giving them an opportunity to disclose their interests in the premises and to have the same ascertained and protected by the court, make default, a decree ordering the premises sold free from all judgment liens is proper.

2. LITIGATION—*Policy of Putting an End to.*—It is more important that an end should be put to litigation, than that justice should be done in every case, especially where, from the inattention of the parties and other causes, exact justice can seldom be done.

Curry v. Fisher.

Partition.—Appeal from the Circuit Court of Fulton County; the Hon. JOHN A. GRAY, Judge, presiding. Heard in this court at the May term, 1900. Affirmed. Opinion filed September 11, 1900.

WORLEY & KEEFER, attorneys for appellants.

HARRY M. WAGGONER, attorney for appellees.

MR. JUSTICE WRIGHT delivered the opinion of the court.

A transcript of a judgment of a justice of the peace for $158.62 in favor of S. A. Curry for the use of Daniel Shaw, the appellants, against George Fisher and Valentine Fisher, the appellees, having been filed in the office of the circuit clerk as provided by statute, an execution was issued upon it, directed to the sheriff, who levied the same upon real estate; and John Farwell, claiming the title to such real estate, and that it was free from the lien of the judgment, moved the court to quash the levy of the execution; and upon the hearing, the court sustained the motion and granted an order quashing the levy of the execution, from which order appellants prosecute this appeal, and for reversal of the order, insist that in such action of the court there is manifest error. Previous to the levy of the execution a partition suit had been instituted for the lands in question, in which the judgment debtors, the Fishers, had an undivided interest, and upon which the transcript of judgment was an apparent lien. The Fishers, S. A. Curry and Daniel Shaw, the latter the beneficiary of Curry, were parties to the partition suit under the general averment of having claims as judgment creditors of liens upon the interest of Fishers. S. A. Curry was made a party to the bill, however, by the name of Mrs. A. S. Curry; but it was stipulated upon the hearing of the motion that S. A. Curry and A. S. Curry is one and the same person. In the partition suit a decree of sale was entered directing the premises to be sold free from all judgment liens, and the findings of the decree in this respect are that on the 13th day of February, 1897, Mrs. A. S. Curry, for the use of Daniel Shaw, recovered a judgment for $154 and costs against Fishers, of which a transcript was filed,

and the same had been paid. No specific or direct reference is made, either in the findings of the master or the decree, to the judgment for $158.62, the one now in question. Appellants, although served with process, made no answer to the bill for partition, but therein made default, and as previously stated the order of the court was, as contained in the decree, that the premises be sold free from all judgment liens. The lands were sold by the master under the decree to John Farwell for $9,068, which sale was afterward approved by the court, and distribution made of the proceeds as directed by court.

It is argued by counsel for appellant that because there was a specific finding by the master, followed by the decree relative to the $154 judgment and its payment, and no reference or mention of any other judgment, that therefore the decretal order, although general and comprehending all judgment liens, must still be limited to the one specified, leaving the premises subject to be again sold under the execution, notwithstanding the purchase by Farwell at the master's sale. We can not concur in this view. Appellants were made parties to the partition suit for the purpose of giving them an opportunity to disclose their interests in the premises, and to have the same ascertained, defined and protected by the court. The court had the jurisdiction and power to do this, and had appellants been diligent at the proper time to bring their interests to the attention of the court, we must believe their rights would have been defined and justice accorded them. Appellants made default, however, and suffered a decree to be made divesting them of all interest in the premises. It was not necessary to the validity of the decree that there should be any findings to support it; the order itself was forceful. It is only upon error that a decree will be set aside, unless there is a finding or evidence upon which it can rest. If appellants have sustained loss it must be attributed to their own inattention, and the consequences of this can not justly be visited upon an innocent person, as would be the case if Farwell, who purchased in faith of the decree, was required to pay the judgment.

" Rules are established, some by the legislature, some by the courts themselves, for the purpose of putting an end to litigation; and it is more important that an end should be put to litigation, than that justice should be done in every case.   The truth is, owing to the inattention of parties, and several other causes, exact justice can seldom be done." Exchange National Bank v. Darrow, 177 Ill. 366.

The order of the Circuit Court will be affirmed.